IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. FISHER,

        Plaintiff,                    No. CIV S-05-2217 MCE KJM P

    vs.

JANE DOE, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

1  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       The court finds the allegations in plaintiff's complaint too conclusory to determine
16 whether the current action is frivolous or fails to state a claim for relief. The court has
17 determined that the complaint does not contain a short and plain statement as required by Fed. R.
18 Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must
19 give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community
20 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some
21 degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.
22 Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure
23 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
24 amended complaint.

25       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
26 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff wishes to allege a retaliation claim, he is advised that retaliatory actions taken against a prisoner for exercising his First Amendment rights may violate the constitution whether or not the underlying misconduct would establish a constitutional violation.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68  (9th Cir.  2005) (footnote omitted).  An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation.  Pratt v.  Rowland, 65 F.3d 802, 807 (9th Cir.  1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989).

Plaintiff is also informed there is no constitutional right to a grievance process; thus, any deficiencies in the response to plaintiff's grievances do not state a claim cognizable in a civil rights action.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

As it stands, much of the information provided by plaintiff in his complaint is superfluous.  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."

1  The court observed the Federal Rules require that a complaint consist of "simple, concise, and

2  direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form

3  negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

>       1.  Allegation of jurisdiction.
>
>       2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
>       3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
>       Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way, "Vigorous writing is concise."  William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling.'"  Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as the one . . . plaintiff . . . filed in this case impose unfair burdens on litigants and judges."  Id. at 1179.  In his amended complaint, plaintiff shall be careful to refrain from including extraneous material.  Also, if, as with plaintiff's original complaint, plaintiff decides to compose his amended complaint by hand, he must write legibly.  Plaintiff shall be careful not to include too much writing per page as pages jammed with information are difficult to read.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete1 in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court notes that plaintiff has filed a motion for a temporary restraining order. Because the court is dismissing plaintiff's complaint, the court will deny plaintiff's motion without prejudice to refiling with an amended complaint. See Local Rule 65-231. However, plaintiff is warned that his motion is too long, includes too much irrelevant information, and is difficult to read. If plaintiff submits motions like the one filed on September 29, 2006 in the future, he is cautioned to make them concise and clear.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's September 29, 2006 motion for a temporary restraining order is denied without prejudice to re-filing after plaintiff files his amended complaint.

4. Plaintiff's September 29, 2006 discovery motion is denied.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action by a prisoner.

DATED: May 1, 2007.

_____
U.S. MAGISTRATE JUDGE

1/fish2217.14(7.18.06)