IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. FISHER,

        Plaintiff,                    No. CIV S-05-2217 MCE KJM P

    vs.

JANE DOE, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 2, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    Many of the allegations in plaintiff's amended complaint are related to the fact
18 that plaintiff was found guilty of conspiring to murder peace officers in prisoner disciplinary
19 proceedings.  It appears petitioner lost 365 days of good conduct sentencing credit as a result of
20 that decision. Am. Compl. at ¶ 124.  Any claims that imply the invalidity of the decision to
21 revoke good conduct credit are barred by Edwards v. Balisok, 520 U.S. 641, 645-46 (1997).
22 Petitioner must first obtain relief as to the loss of the good conduct sentence credit, either
23 through a 28 U.S.C. § 2254 action in this court or a state court action, before he can maintain a
24 42 U.S.C. § 1983 action with respect to those claims. Id. at 646-48.

25    In light of the above, plaintiff's amended complaint will be dismissed with leave
26 to file a second amended complaint, if he is able while complying fully with Federal Rule of

1 Civil Procedure 11.  In addition to removing any claims that imply the invalidity of the prison
2 disciplinary finding that petitioner conspired to murder peace officers, plaintiff must consult the
3 court's May 2, 2007 order regarding the contents of an amended complaint when drafting his
4 second amended complaint.  In particular, the court notes that plaintiff's amended complaint is
5 still too long, and plaintiff's allegations regarding the prison grievance procedure do not state a
6 claim for denial of access to courts upon which relief can be granted.

7 Plaintiff is again informed that the court cannot refer to a prior pleading in order
8 to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an
9 amended complaint be complete in itself without reference to any prior pleading.  This is
10 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
11 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
12 prior pleading no longer serves any function in the case.  Therefore, in a second amended
13 complaint, as in an original complaint, each claim and the involvement of each defendant must
14 be sufficiently alleged.

15 Plaintiff has filed a second motion for a preliminary injunction in which plaintiff
16 asks that the court order officials at his prison to allow plaintiff to use the prisoner grievance
17 process.  As plaintiff was informed in the court's May 2, 2007 order, plaintiff does not have a
18 Constitutional right to a prison grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th
19 Cir. 1996).  Furthermore, there still is no operative complaint in this matter to support the
20 consideration of injunctive relief.  See Local Rule 65-231.

21 In accordance with the above, IT IS HEREBY ORDERED that:

22 1. Plaintiff's amended complaint is dismissed.

23 2. Plaintiff is granted thirty days from the date of service of this order to file a
24 second amended complaint that complies with the requirements the court's May 2, 2007 order,
25 the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the
26 second amended complaint must bear the docket number assigned this case and must be labeled

1  "Second Amended Complaint"; plaintiff must file an original and one copy of the second
2  amended complaint; failure to file a second amended complaint in accordance with this order
3  will result in a recommendation that this action be dismissed.
4      3. Plaintiff's June 4, 2007 motion for a temporary restraining order is denied.
5  DATED: January 9, 2008.

_____
U.S. MAGISTRATE JUDGE

1
fish2217(5.18.07)

4