IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. FISHER,

      Plaintiff,                              No. CIV S-05-2217 MCE CKD P

    vs.

DIRECTOR OF CDC, et al.

      Defendant.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On June 22, 2010, the Ninth Circuit reversed in part this court's dismissal of the amended complaint, on the basis that the court had not addressed plaintiff's claims that he was denied access to the prison grievance process and that he was retaliated against for filing grievances. The Ninth Circuit remanded the case to this court for consideration of those claims.

        On November 18, 2011, the court considered all of the claims mentioned in the Ninth Circuit's order and ruled that service is appropriate on some, though not all, of them. Specifically, the court found that plaintiff had adequately alleged a claim for retaliation against defendants Briddle and Davey but had not adequately alleged a claim that his access to the courts had been denied. The court ordered the Clerk of Court to send plaintiff the required service documents for him to complete and return to the court so that he could proceed on his retaliation

1

1   claim.  Instead of completing that necessary step in the prosecution of his own case, however,
2   plaintiff filed a motion to reconsider the service order, arguing that the magistrate judge did not
3   comply with the Ninth Circuit's order.  The district judge assigned to this case denied that
4   motion.
5           Now, plaintiff has filed a motion to vacate the service order of November 18,
6   arguing for the second time that the magistrate judge did not comply with the Ninth Circuit's
7   order.  The motion is baseless and will be denied.
8           The court's service order gave plaintiff thirty days in which to return the
9   completed service documents – documents without which this case cannot proceed.  Almost five
10  months have now passed, and instead of following the court's order, he has wasted his and the
11  court's time revisiting its merits.  In so doing, plaintiff has delayed the efficient advancement of
12  his own case, even though he has on a previous occasion requested its proceedings be expedited.
13  See Docket No. 58.  Plaintiff's frivolous tactics imperil the survival of his claims.  The court will
14  allow him an additional thirty days in which to comply with the service order of November 18,
15  2011, by submitting the completed service documents necessary to prosecute his case.  His
16  failure to do so will result in a recommendation that this matter be dismissed for failure to
17  prosecute and for unnecessary delay.  See Fed. R. Civ. P. 41(b), 11(b).  Outside a showing of
18  extraordinary circumstances, the court will not grant any further extension of time in which to
19  submit the completed service documents.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

Accordingly, IT IS HEREBY ORDERED that the motion to vacate (Docket No. 64) is denied. Plaintiff has thirty days from the date of this order in which to submit the completed service documents necessary to prosecute his case. His failure to do so will result in a recommendation that this matter be dismissed for failure to prosecute and for unnecessary delay. See Fed. R. Civ. P. 41(b), 11(b).

Dated: April 16, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
fish2217.ord2