IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN C. FISHER

    Plaintiff,                   No. 2:05-cv-2217 MCE CKD P

    vs.

DIRECTOR OF CDC, et al.

    Defendants.             ORDER

/

        Plaintiff, a state prisoner proceeding pro se, sought relief pursuant to 42 U.S.C. § 1983.  On June 22, 2010, the Ninth Circuit reversed this court's dismissal of the amended complaint in part, ruling that the court had not addressed plaintiff's claims that he was denied access to the prison grievance process and that he was retaliated against for filing grievances.  The Ninth Circuit remanded the case to this court for consideration of those claims.

        On November 18, 2011, the court considered all of the claims mentioned in the Ninth Circuit's order and ruled that service was appropriate on some, though not all, of them.  Specifically, the court found that plaintiff had adequately alleged a claim for retaliation against defendants Briddle and Davey but had not adequately alleged a claim that his access to the prison grievance system had been denied.  See Order at 3-4.  The court ordered the Clerk of Court to send plaintiff the required service documents for him to complete and return to the court so that

1

he could proceed on his retaliation claim. Instead of completing that necessary step in the prosecution of his own case, however, plaintiff filed a motion to reconsider the service order, arguing that the magistrate judge did not comply with the Ninth Circuit's order. The district judge assigned to this case denied that motion.

Plaintiff then filed a motion to vacate the service order of November 18, arguing for the second time that the magistrate judge did not comply with the Ninth Circuit's order. The magistrate judge found the motion to be baseless.

Rather than press ahead with his retaliation claims against Briddle and Davey, plaintiff decided to bring all litigation in this court to a close by filing a notice of voluntary dismissal <u>with</u> prejudice. He did so expressly for the purpose of obtaining an appealable order. <u>See</u> Notice of Voluntary Dismissal (Docket No. 66). On April 26, 2012, the court ordered this case closed in light of plaintiff's notice of voluntary dismissal.[1] <u>See</u> Order (Docket No. 67). Plaintiff then filed a notice of appeal.

Plaintiff now seeks leave to proceed in forma pauperis (IFP) on appeal, pursuant to Federal Rule of Appellate Procedure 24. The court denied plaintiff's application to proceed IFP in district court because, at the time, he could not make an adequate showing of indigence. <u>See</u> Order (Docket No. 6).

28 U.S.C. § 1915 (a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. U.S.</u>, 356 U.S. 674 (1958). The standard for determining whether an appeal is frivolous is essentially the same as the standard for determining whether a claim is frivolous – i.e., whether it lacks an arguable basis either in law or in fact. <u>See</u>

---

[1] The court noted that because no defendant had filed an answer or motion for summary judgment, the notice effectively dismissed plaintiff's complaint and, therefore, no order of dismissal was necessary. <u>Id.</u> at 1-2. The court ordered the case closed for its own administrative purposes.

Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (noting that for purposes of assessing civil rights claims brought by inmates, most circuits had adopted "a modified form of the frivolity test from Anders v. California, 386 U.S. 738, 744 (1967) (appeal is frivolous where it lacks arguable legal merit)"). In that regard, another district court has aptly noted that "it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis." Russell v. Gilless, 870 F.Supp. 204, 206 (W.D. Tenn.1994).

The court finds that plaintiff's appeal is frivolous and therefore not taken in good faith. Upon remand, the court found that the facts as pled in the amended complaint demonstrated that his access to the prison administrative grievance process had not been impeded in violation of his constitutional rights. The court explained:

> The court further finds that plaintiff has not stated a claim that he was denied access to the prison grievance process and, by extension, the courts. "[A] prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995) overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n. 2 (2001). To bring a claim, the plaintiff must have suffered actual injury by being shut out of court. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). The allegations of the complaint are that plaintiff availed himself of the grievance process on numerous occasions. The fact that plaintiff was often denied administrative relief on procedural bases with which he disagreed does not comprise a claim that his access to the process itself was unconstitutionally foreclosed. Furthermore, the denials of his grievances, even if improper, have not shut his access to the courts, nor has plaintiff alleged they have. He alleges only that several denials by appeals coordinators were baseless. If defendants later rely on one of those denials to argue that plaintiff has not exhausted the grievance procedure, plaintiff may then attempt to show that the denial was improper and that he attempted to exhaust all procedural avenues available to him. The denial of the grievance itself, however, does not create an independent cause of action. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (stating "inmates lack a separate constitutional entitlement to a specific grievance procedure"); Stockton v. Tyson, 2011 WL 5118456 at *3 (E.D. Cal.) (dismissing a claim on screening because "[p]laintiff may not pursue a claim for denial of access to the courts... based on the rejection of his appeals by staff").

1  Order at 3 (Docket No. 61). Plaintiff is adamant in the face of this explanation that the court
2  failed to follow the Ninth Circuit's instructions by not allowing him to proceed on all of his
3  claims. Plaintiff is wrong about that: the court was only required to screen plaintiff's claims of
4  retaliation and of obstructed access to the prison grievance system pursuant to 28 U.S.C. §
5  1915A. The Ninth Circuit's order did not intimate that any particular ruling should be the
6  outcome of that screening analysis.

7  Plaintiff's dissatisfaction with the court's finding that he could proceed only on
8  some of his claims does not amount to an arguably legal or factual basis for appealing the
9  screening order of November 18, 2011. Plaintiff's motion for leave to proceed in forma pauperis
10  on appeal will be denied on the basis that the appeal is not taken in good faith. 28 U.S.C. §
11  1915(a)(3).

12  Accordingly, IT IS HEREBY ORDERED that:

13  1. Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that plaintiff's appeal
14  (Docket No. 68) is not taken in good faith.

15  2. Plaintiff's motion to proceed in forma pauperis on appeal (Docket No. 72) is
16  denied.

17  3. As required under Federal Rule of Appellate Procedure 24(a)(4), the Clerk of
18  Court shall immediately notify the U.S. Court of Appeals for the Ninth Circuit of this court's
19  denial of the motion to proceed in forma pauperis on appeal.

20  Dated: May 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4